

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. G. Moseley
Civil District Attorney
Dallas County
Dallas, Texas

Dear Sir:

Opinion No. O-1918
Re: The right and power of the
commissioners' court of
Dallas County to use county
funds for payment of expenses
in connection with automo-
biles driven by the commis-
sioners.

Your request for an opinion from this department,
as contained in your letter of January 30, reads in part
as follows:

"There has arisen a matter in Dallas County
with reference to the right and power of Dallas
County to:

"(a) use county funds for the payment of
parking or storage charges on privately owned
automobiles driven by the commissioners in going
to and from their respective districts on county
business;

"(b) use county funds for the purchase of
gasoline and oil, and to make repairs on automo-
biles privately owned and used as set forth in
subparagraph (a);

"(c) expend funds for the purchase of auto-
mobiles to be used by the Commissioners in con-
nection with their duties in going to and from
their respective districts on county business,
and of course pay out of and from county funds
the fuel, repair and storage bills in connection
with said automobiles.

"We therefore respectfully request the opin-
ion of your department concerning this matter."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. G. Moseley, Page 2

Article 2340, Vernon's Annotated Civil Statutes, provides:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

In an Opinion of this Department dated August 5, 1920, and published at page 114 of the biennial report for the years 1918-20, it was held by this Department that County Commissioners are not authorized to purchase and pay for gasoline or other automobile supplies and submit their claims therefor to the Commissioners' Court for audit and allowance, and claims for such supplies furnished for such purposes are not legitimate charges against the county, whether so purchased and paid for by the Commissioner or sold direct to the county by the dealer. This Opinion cites the case of Knippa vs. Stewart Iron Works, 66 S. W. 332; Rigby vs. State, 10 S. W. 760; and Harris vs. Hammond, 203 S. W. 445.

In the light of these authorities, the following conclusions are arrived at in said Opinion:

"'It can hardly be conceived how a county commissioner can, from his private funds, purchase material and supplies for the use and benefit of the county, thereby creating an indebtedness owing by the county to him, be the amount much or little, and then be and remain the disinterested and impartial auditor that he ought to be when his claim for reimbursement comes before the commissioners' court for audit and allowance, or rejection, as provided

by Art. 2241 of our Revised Civil Statutes hereinbefore referred to; in fact, judged by the history and common knowledge of human nature, such a condition is not within the realm of reason.

"'It is axiomatic that public funds can be lawfully expended only for the purposes, to the extent and in the manner prescribed by law, and in the absence of a statute authorizing a particular expenditure of public funds, such expenditure should be studiously avoided; and that every officer should faithfully eschew every transaction respecting public finance that bears even the semblance of doubtful authority ought to go without saying.

"'We are of the opinion, therefore, and you are so advised, that it is not proper for a county commissioner to purchase and pay for gasoline or other automobile supplies used by him in the discharge of his official duties and present his account for same to the commissioners' court for audit and payment; also, that such an account is not a legitimate charge against the county whether such supplies be purchased and paid for by the commissioner in the manner stated, or be furnished and charged to the county for that purpose by the dealer direct.'"

The foregoing Opinion was quoted and approved by this Department in a later Opinion written by Hon. Everett F. Johnson, Assistant Attorney General, dated February 19, 1931, addressed to Hon. D. F. Davis, County Attorney, San Antonio, Texas, in which Opinion a special road law applicable to Bexar County was considered.

We believe the doctrine laid down in the foregoing Opinions to be sound and we approve same as applicable to your request.

Our attention has been directed in your letter to the Acts of 1933, 43rd Legislature, Ch. 236, same being a special road law applicable to Dallas County. Having carefully studied the provisions in this Act, we are unable to find any authority for the expenditures mentioned in your request. On the contrary, Section 19 of the Act specifically makes it unlawful for any member of said Commissioners' court

Honorable E. G. Moseley, Page 4

or for any county officer to be or become financially interested, directly or indirectly, in any contract with said counties for road work or for the purchase or sale of any material or supplies of any character or in any transaction whatsoever in connection with any of the roads of said counties, excepting only his own salary, fees, or per diem. For violating this provision, a commissioner is subject to fine and removal from office.

It further appears that the conference opinion rendered during the administration of Hon. C. M. Cureton, Attorney General, has been consistently followed by this Department since its rendition in 1920. In January, 1935, Hon. Leon Moses, Assistant Attorney General, in an Opinion rendered to Hon. W. C. McDowell, County Attorney, Robert Lee, Texas, held that Commissioners' courts do not have the authority to allow themselves expense money for gasoline in discharge of their duties.

Similar requests as presented in your letter were answered by this Department in our Opinions O-541, O-752, O-996, and O-1345, to which you refer in your letter and each of said Opinions follow the foregoing authorities.

You are therefore respectfully advised that it is the opinion of this Department that the Commissioners' Court of Dallas County is not authorized to use county funds for the purchase of gasoline and oil or make repairs on automobiles privately owned and driven by the commissioners to and from their respective districts on county business; nor is such county authorized to expend its funds for the purchase of automobiles to be used by the commissioners in connection with their duties in going to and from their respective districts on county business or in payment of repair and storage bills on such automobiles.

Trusting the above answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Wm. J. R. King
         Assistant

APPROVED FEB 27, 1940

WmK:BBB

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN